# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50693
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO CESAR REYES BUSTILLOS, also known as Sergio Cesar Reyes,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-924

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sergio Cesar Reyes Bustillos (Reyes) appeals his guilty plea conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine and 500 grams or more of a mixture or substance containing methamphetamine. For the first time on appeal, Reyes argues that the magistrate judge plainly erred in violation of Federal Rule of Criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50693

Procedure 11(c)(3)(B) by failing to admonish him that if the district court did not accept the drug quantity stipulation in the factual basis, he would not be allowed to withdraw his guilty plea.  He maintains that the failure of the magistrate judge to properly admonish him amounted to clear error that affected his substantial rights because the stipulation was the primary consideration for the plea agreement and he would have gone to trial instead of pleading guilty if he had been properly informed that it was not binding.

Where, as here, a defendant fails to object to Rule 11 error in the district court, we review for plain error only.  *United States v. Vonn*, 535 U.S. 55, 58-59 (2002).  Under this standard, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  We may consider the entire record to determine whether the defendant has shown that "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding."  *Id.* (internal quotation marks and citation omitted).

Assuming arguendo that there was clear or obvious error, Reyes is not entitled to relief because the record shows that the error did not affect his substantial rights.  While Reyes argues that he would not have pleaded guilty if he had been properly admonished because the drug quantity stipulation was the primary consideration for his pleading guilty, nothing in the plea

2

agreement or factual basis stated that the stipulation was binding on the court. Although Reyes was not admonished that he could not withdraw his guilty plea if the district court rejected the drug quantity stipulation, he was admonished that the stipulation was not binding. He was further admonished that the district court could sentence him outside of the guidelines range, up to the statutory maximum sentence, and that he would not have a right to withdraw his guilty plea if the sentence was higher than he expected. Reyes did not object to the magistrate judge's finding that Reyes understood that he could not withdraw his guilty plea if the district court did not follow "any recommended or requested sentencing adjustments contained in the Plea Agreement," although the magistrate judge's findings did not indicate whether the drug quantity stipulation was a "sentencing adjustment." When the district court indicated at the initial sentencing hearing that it might reject the drug quantity stipulation, defense counsel consulted with Reyes and requested a continuance that was granted. After the continuance, Reyes did not seek to withdraw his guilty plea even though he had been informed that the stipulation could be rejected. Thus, Reyes has not shown "a reasonable probability that, but for the error, he would not have entered the plea," and, accordingly, he has not shown plain error. *Dominguez-Benitez*, 542 U.S. at 83.

AFFIRMED.